IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY PENA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0987-N-BH |
| | § | |
| DALLAS POLICE ASSOCIATION and | § | |
| CITY OF DALLAS, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant Dallas Police Association's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5), 12(b)(2) (Insufficient Service, Lack of Personal Jurisdiction) or, Alternatively, Rule 12(b)(6) (Failure to State a Claim Upon Which Relief Can Be Granted)*, filed August 3, 2022 (doc. 7). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

Leroy Pena (Plaintiff) sues the Dallas Police Association (Association) and the City of Dallas (City) (collectively Defendants), alleging discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. §§ 1981 and 1983. (doc. 3.) He seeks equitable and injunctive relief, compensatory and punitive damages, front pay, back pay, lost fringe benefits, attorney's fees, court costs, and pre-judgment and post-judgment interest. (*Id.* at 13.)[2]

On or about July 7, 2000, Plaintiff began working as a police officer in the Dallas Police Department. (*Id.* at 3.) Throughout his employment with the City, he was also a paying member of

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Association, a labor organization with "the stated goal and mission . . . to assist it's[sic] officers with legal issues." (*Id.* at 3, 9.) Plaintiff alleges that soon after a certain officer became his supervisor, a "pattern of discrimination and harassment began." (*Id.*) On "numerous occasions," Plaintiff made formal and informal complaints about his supervisor to "multiple levels of the City's Police Department," but the harassing comments and discriminatory behavior increased and "he immediately became the target of retaliation from the department." (*Id.* at 4.) Plaintiff also made several requests to Association seeking to file a union grievance and legal assistance for his discrimination, harassment, and retaliation complaint, but his requests were denied. (*Id.* at 5-6.) His union representative told him that "even though you're in the right sometimes you have to get f***ed by the city." (*Id.* at 6.) Plaintiff alleges that Association refused his grievance representation and legal assistance "based upon his race, sex, sex orientation, color and national origin" and in retaliation for filing his complaints against the City. (*Id.*)

Plaintiff filed an EEOC complaint against Defendants on February 7, 2020, and he received a right to sue letter on February 2, 2022. (*Id.* at 2, 6.) He filed this lawsuit on May 5, 2022. (*Id.* at 1.) On August 3, 2022, Association moved to dismiss Plaintiff's claims against it under Rules 12(b)(2), 12(b)(5), and 12(b)(6). (doc. 7.) Plaintiff did not respond or seek a continuance of his deadline to respond to Association's motion, despite specifically seeking and obtaining a continuance of his deadline to respond to the City's motion to dismiss. (*See* docs. 16, 17.)

## II. RULES 12(b)(2) AND 12(b)(5)

Association moves to dismiss Plaintiff's complaint against it under Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and for insufficient service of process. (doc. 8 at 1.)

Rule 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over

2

a defendant. Fed. R. Civ. P. 12(b)(2). Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). "In the absence of service of process (or waiver of service by the defendant)," courts ordinarily may not exercise personal jurisdiction over defendants. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

For service to be effective, a plaintiff must comply with the requirements of Rule 4. Fed. R. Civ. P. 4; *Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *adopted by* 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). This includes the requirement in Rule 4(m) for service within 90 days of the filing of the lawsuit, although the time for service may be extended upon a showing of good cause. Fed. R. Civ. P. 4(m); *Bowling*, 2019 WL 4463450, at *6. "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted); *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (same). District courts have "broad discretion in deciding whether to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

In considering a motion to dismiss for lack of service of process, a court may properly look beyond the pleadings to determine whether service was sufficient. *See, e.g., Williams v. Kroger Texas, L.P.*, No. 3:16-CV-1631-L, 2016 WL 5870976, at *1 (N.D. Tex. Oct. 6, 2016) (dismissing

3

a case under Rule 12(b)(5) "[a]fter considering the Motion, pleadings, record in this case, and applicable law"); *see also Trombetta v. Novocin*, No. 18-CV-993 (RA), 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) (holding a court may look at "affidavits and supporting materials" in considering a motion to dismiss under Rule 12(b)(5)) (citation omitted); *Cutler Assocs., Inc. v. Palace Constr., LLC*, 132 F. Supp.3d 191, 194 (D. Mass. 2015) ("[T]he Court is permitted to look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served.") (citation omitted). Here, Plaintiff filed an email confirmation from the process server stating that the summons and complaint were received by "Liz at Dallas Police Association" as his proof of service. (*See* doc. 18.) Association attached to its motion the declaration of Elizabeth Klusman, which describes her role as the receptionist at Association, and a screenshot from the Texas Secretary of State, which shows that Association as a registered domestic nonprofit corporation. (*See* doc. 9.) These documents may be properly considered.

Under the Federal Rules of Civil Procedure, a nonprofit corporation is properly served by either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1). In Texas, service of process may be made on the nonprofit corporation's registered agent, president, or any vice president or committee member "authorized to perform the chief executive function of the corporation." *See* Tex. Bus. Orgs. Code §§ 5.201, 5.255(1), (5).[3] Proof of service must be made

---

[3]The Texas Secretary of State can act as the agent for service of process of a corporation when "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." Tex. Bus. Orgs. Code § 5.251. "A single attempt to serve process at the registered agent's address may be sufficient in some circumstances to demonstrate reasonable diligence, but 'the record must reflect that there was at least one such attempt before service

to the court by the server's affidavit, unless service is made "by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(l)(1); *Webb*, 2017 WL 4082445, at *2. A valid return complies with Fed.R.Civ.P. 4(l), which requires a "server's affidavit" except when service was effected by a United States marshal or deputy marshal. That exception does not apply in this case, and no filed return of service has been completed or signed.

Plaintiff provides an email confirmation from the process server stating that the summons and complaint had been delivered to Association's office and received by "Liz" on July 15, 2022. (doc. 18 at 2-3.) He has not shown that "Liz" is a registered agent, president, or vice president of Association, or a person authorized to perform the chief executive functions of Association. Plaintiff's attempted service on Association is therefore insufficient. *See* Fed. R. Civ. P. 4(h)(1); Tex. Bus. Orgs. Code §§ 5.201, 5.255(1), (5).

Additionally, Plaintiff's proffered proof of service is not labeled as an affidavit and does not function as an affidavit because "it was not sworn or 'made under oath before an authorized officer,'" and it "does not qualify as an unsworn declaration because it does not state that it was signed 'under penalty of perjury that the foregoing is true and correct.'" *Webb*, 2017 WL 4082445, at *2 (quoting *Cole v. Shinseki*, No. 12-2969-STA-tmp, 2013 WL 2289257, at *3 (W.D. Tenn. May 23, 2013)). His proof of service is therefore not proper under Rule 4(l)(1) "because it was not made 'by the server's affidavit.'" *Id.* (finding proof of service was not proper because plaintiff failed to comply with Rule 4(l)(1)).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is

---

on the Secretary of State is proper.'" *Akeredolu-Weaver v. MRG Meridian Apartments Ltd.*, No. 3:20-CV-03532-M, 2022 WL 1128728, at *2 (N.D. Tex. Apr. 15, 2022) (quoting *Acadian Properties Austin, LLC v. KJMonte Invs., LLC*, No. 08-20-00048-CV, 2021 WL 3260942, at *6 (Tex. App.—El Paso July 30, 2021, no pet. h.)).

5

filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When the 90–day deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service. *See Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002) (under prior version of Rule 4(m)). Alternatively, the court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *Chapman v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:05-CV-1809-G, 2006 WL 3442057, at *1 (N.D. Tex. Nov. 29, 2006); *Shabazz v. Serv. Emps. Int'l Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citation omitted). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman*, 22 F.3d at 645 (citation omitted); *Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004); *see also* Fed. R. Civ. P. 4(m).

Here, the 90–day deadline for serving process has expired. Consequently, Plaintiff must demonstrate "good cause" for his failure to properly serve process on Association. *See Kreimerman*, 22 F.3d at 645. Plaintiff has not directly responded to Association's motion to dismiss, or shown good cause for his failure to properly serve it. Dismissal without prejudice under Fed. R. Civ. P. 12(b)(5) is therefore proper. *See Craddock*, 2004 WL 2381715, at *4; *see also Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. June 28, 2013) (dismissing suit under Rule 12(b)(5) for insufficient service because plaintiffs "have not attempted to demonstrate good cause for their failure to effect proper service on [d]efendant"); *Gilliam v. Kiere*, No. 3:96-CV-0813-G, 1997 WL 279768, at *4 (N.D. Tex. May 16, 1997) (dismissing suit without

prejudice under Rule 12(b)(5) because plaintiff "has not shown such good cause, or even attempted to do so"). Because Association has also moved for dismissal with prejudice under Rule 12(b)(6), its alternative arguments for dismissal with prejudice will also be considered. *See Coleman*, 969 F. Supp.2d at 746-54 (considering dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

### III. RULE 12(b)(6)

As noted, Association also moves to dismiss Plaintiff's complaint against it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 8 at 4.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293-94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

**B.    Title VII**

Association argues that Plaintiff's claim for retaliation under Title VII fails because he has not sufficiently alleged that the adverse action against him would not have occurred but for his protected activity. (doc. 8 at 6.)

Under Title VII, a labor organization may not discriminate against any individual based on race, color, religion, gender, or national origin. 42 U.S.C. § 2000e–2(c). Title VII also makes it unlawful for labor organizations to retaliate against an individual because he has opposed any practice made an unlawful employment practice by the relevant statutes, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the relevant statute. Id. § 2000e–3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006); *see also Woods v. Teamsters Loc. 767*, No. 4:18-CV-00218-BP, 2020 WL 6203567, at *7 (N.D. Tex. Oct. 22, 2020). Title VII retaliation claims that are based on circumstantial evidence are analyzed under the familiar burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020); *Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). A plaintiff must first establish a prima facie case of retaliation by showing that: (1) he engaged in activity protected by Title VII; (2) a materially adverse employment action against him occurred; and (3) there was a causal link between his protected activity and the adverse action. *Wheat*, 811 F.3d at 705; *see also Brown*, 969 F.3d at 577.[4] Ultimately, "a plaintiff making a retaliation claim

---

[4] Although a plaintiff is not required to plead the prima facie case of retaliation, he must plead sufficient facts on all of "the ultimate elements" of a retaliation claim to make his case plausible. *See Jenkins v. State Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (citing *Chhim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016) (explaining that the prima facie elements for retaliation are helpful in analyzing the sufficiency of the complaint)).

under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the [defendant]." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Although the prima facie element of causation appears identical to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff, the standard for establishing a causal link at the prima facie case stage is much less stringent. *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 1001 (5th Cir. 2022) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). A causal link is established if the facts show that the adverse employment action was "based in part on knowledge of the employee's protected activity." *Id.* (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)). To satisfy the causation prong, the plaintiff's allegations must support the inference that "the employment decision and his protected activity were not wholly unrelated." *Medina*, 238 F.3d at 684.

Here, Plaintiff alleges in conclusory fashion that Association retaliated against him by refusing his request for legal assistance "based upon his formal reports of discrimination, harassment and retaliation against the City." (doc. 3 at 9.) He does not plead specific facts that give rise to a plausible claim that Association's inaction was causally connected to his complaints, however. He alleges that after filing his complaints about his supervisor with the City, he consulted with his union representative for legal assistance and was told that "discrimination and harassment and retaliation by the City is normal," but this allegation is not sufficient to create an inference that Association purposefully took no action because of his complaints against the City. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017) ("Plaintiffs' conclusory beliefs that Defendants 'are trying to put Plaintiffs out of business' and are 'virtually shutting Plaintiffs out from

10

any customer business of Defendants' insureds' in retaliation for Plaintiffs filing a lawsuit and complaining about racial discrimination are inadequate to demonstrate a causal connection."). Because Plaintiff has alleged no facts to support the reasonable inference that his protected activity was causally linked to any alleged adverse action by Association, he fails to state a claim of retaliation under Title VII. *See Saketkoo*, 31 F.4th at 1001; *Medina*, 238 F.3d at 684; *see, e.g., Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2016 WL 339606, at *5 (N.D. Tex. Jan. 28, 2016) (dismissing Title VII retaliation claim against labor union where plaintiff alleged only conclusory allegations, not specific facts, showing the causal link between the protected activity and the adverse employment action). Plaintiff's Title VII retaliation claim against Association should be dismissed.

## C.      Section 1981

Association argues that Plaintiff's claims for discrimination under § 1981 should be dismissed because he has not alleged discrimination based on his race and because his § 1981 retaliation claim fails for the same reasons as his Title VII retaliation claim. (doc. 8 at 8, 10.)

### 1.      *Discrimination*

"Section 1981 generally forbids racial discrimination in the making and enforcement of private contracts." *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981), *cert. denied*, 456 U.S. 933 (1982) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)). To establish a right to relief under § 1981, a plaintiff must show: (1) that he belongs to a racial minority; (2) that the defendant intended to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). A violation under § 1981 requires purposeful race-based discrimination. *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 390-91 (1982). The

11

Supreme Court recently clarified that to prevail on a claim for racial discrimination under § 1981, "a plaintiff must initially plead and ultimately prove that, but for [his] race, [he] would not have suffered the loss of legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, ––– U.S. –––, 140 S. Ct. 1009, 1019 (2020).

Claims of racial discrimination brought under § 1981 are governed by the same substantive legal standards and evidentiary framework applicable to discrimination claims brought under Title VII. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Where the plaintiff offers circumstantial evidence of discrimination, his discrimination claim is subject to "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires [him] to establish a prima facie case of discrimination." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Wallace*, 271 F.3d at 219). Generally, a plaintiff must establish a prima facie case of discrimination by showing that he (1) belongs to a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam).

The Fifth Circuit has modified the *McDonnell Douglas* framework for discrimination claims against unions. *See Wesley v. General Drivers, Warehouseman and Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011); *Stalcup v. Comm. Workers of America*, 44 F. App'x 654 (5th Cir. 2002) (per curiam). The plaintiff must show that he (1) is a member of a protected class, (2) was subject to an adverse union action, and (3) was treated less favorably than similarly situated individuals not in the protected class. *Wesley*, 660 F.3d at 214. "To establish that he was treated less favorably than

12

similarly situated union members, [the plaintiff] must proffer a comparator, a union member who is a member of a different race who was treated more favorably 'under nearly identical circumstances,' which is established when the members' conduct and circumstances are nearly identical." *Tate v. United Steel Workers Union Loc. 8363*, No. CV 20-882, 2021 WL 3633472, at *6 (E.D. La. Aug. 17, 2021) (citations omitted).

Here, Plaintiff generally alleges that Association discriminated against him "because of his race, national origin, and color by failing to provide the legal assistance that is required as part of its role to members." (doc. 3 at 11.) He also alleges that Association "continu[ed] the very discrimination and retaliation against [him] with respect to the terms, conditions and privileges of his employment with the City and membership in [Association] because of his race, national origin and color through denial of his employment rights and benefits." (*Id.*) There are no allegations included in the complaint that give rise to an inference of racial discrimination, however. Plaintiff has failed to allege any facts about Association refusing his request for grievance representation and legal support that could support an inference that he was discriminated against based on his race. While he alleges that Association discriminated against him because of his race, "naked allegation[s] of discriminatory intent are too conclusory to survive a motion to dismiss." *Body by Cook*, 869 F.3d at 386; *see also Spann v. JPMorgan Chase Bank, N.A.*, No. CV 21-1643, 2022 WL 2177438, at *7 (E.D. La. June 16, 2022) (finding plaintiff's "subjective belief of discriminatory intent, lacking any non-conclusory factual allegations to support it, is insufficient to state a section 1981 claim"). Further, there are no allegations that Association treated him less favorably than a similarly situated union member of another race under nearly identical circumstances. *See Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653-54 (5th Cir. 2007) (holding that plaintiff failed to establish a prima facie case

13

for race discrimination because he made no showing that "similarly situated individuals outside of her protected class were treated more favorably").

Plaintiff also asserts claims against Association under § 1981 for discrimination based on national origin and color, but the Fifth Circuit has made clear that "§ 1981 prohibits only racial discrimination." *Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001) (citing *Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 114 (5th Cir. 1986)). Accordingly, his § 1981 discrimination claims based on color and national origin fail as a matter of law. *See id.*; *see, e.g. Ensley v. DeSoto Indep. Sch. Dist.*, No. 3:19-CV-2094-N, 2020 WL 2542602, at *2 (N.D. Tex. May 18, 2020) ("Because section 1981 claims apply only to race, the Court dismisses Ensley's section 1981 claims based on color and sex."). Because Plaintiff has failed to state a plausible claim of discrimination under § 1981 against Association, the claim should be dismissed.

### 2. *Retaliation*

Section 1981 encompasses claims of retaliation. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Claims of retaliation under § 1981 are governed by the same substantive legal standards and evidentiary framework applicable to retaliation claims brought under Title VII. *See Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 (5th Cir. 2003). As discussed, a plaintiff establishes a prima facie case of retaliation by showing that (1) he engaged in a protected activity, (2) a materially adverse action against him occurred, and (3) the protected activity is causally connected to the adverse action. *See Brown*, 969 F.3d at 577; *Wheat*, 811 F.3d at 705.

Here, Plaintiff claim against Association for retaliation under § 1981 is the same as his claim under Title VII. (*See* doc. 3 at 9, 12.) Because he failed to make a prima facie showing of retaliation under Title VII, his § 1981 retaliation claim should also be dismissed for failure to state a claim.

14

**D.**     **Section 1983**

Association argues that any claim against it under § 1983 should be dismissed because Plaintiff fails to allege that it is a state actor. (doc. 8 at 9.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, the plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action for purposes of § 1983 only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff has not alleged that Association is a state actor or any facts to support a claim that its refusal to assist him against the City may be attributable to the State. Because he fails to state a plausible claim, his § 1983 claim against Association should be dismissed.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically

15

allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff failed to respond to Association's motion to dismiss despite being specifically invited to do, despite seeking and obtaining a continuance of his deadline to respond to the City's motion, and despite filing a response to the City's motion. He has filed nothing else in relation to Association. No further opportunity to amend his complaint to sufficiently state a claim for relief against Association appears warranted.

## V.  RECOMMENDATION

Association's motion to dismiss should be **GRANTED**, and all claims against it should be **DISMISSED with prejudice** for failure to state a claim.

16

**SO RECOMMENDED** on this 17th day of January, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE