IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY PENA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0987-N-BH |
| | § | |
| DALLAS POLICE ASSOCIATION and | § | |
| CITY OF DALLAS, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant City of Dallas's Motion to Dismiss Original Complaint and Brief in Support*, filed August 5, 2022 (doc. 13). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

### I. BACKGROUND

Leroy Pena (Plaintiff) sues the Dallas Police Association (Association) and the City of Dallas (City) (collectively Defendants), for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. §§ 1981 and 1983. (doc. 3.) He seeks equitable and injunctive relief, compensatory and punitive damages, front pay, back pay, lost fringe benefits, attorney's fees, court costs, and pre-judgment and post-judgment interest. (*Id.* at 13.)[2]

On or about July 7, 2000, Plaintiff began working as a police officer in the Dallas Police Department. (*Id.* at 3.) Throughout his employment with City, he was also a paying member of Association. (*Id.*) He alleges that soon after Sergeant Codero (Sergeant) became his supervisor at an unstated date, a "pattern of discrimination and harassment began." (*Id.*) He would make

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"degrading and discriminatory comments for the exclusive purpose of harassment" on a daily basis, including derogatory comments about Plaintiff's sexual orientation, his sex organs, his "wife's infidelity," and riding a "p***y bike." (*Id.* at 3-4.) Sergeant was also "hyper-critical" of Plaintiff's work, marking up his reports "only with red ink to shame [him] openly" and resending work for minor corrections, and he denied Plaintiff overtime hours and access to equipment "necessary and normal" to perform his job. (*Id.* at 4.) He "freely grant[ed]" overtime hours to officers of a different race, color, national origin and gender, however, and he never corrected them "in the same manner as [Plaintiff] which was openly in front of peers and in a shaming manner." (*Id.*)

In or around April 2019, Plaintiff reported Sergeant's behavior to "Internal Affairs and other management," and he "immediately became the target of retaliation from the department." (*Id.*) Plaintiff was "written up and warned several times about illegitimate items" and was "taken off his job as detective and put on patrol." (*Id.*) After meeting with Sergeant and Plaintiff, Lieutenant Gallagos (Lieutenant) found that Sergeant made "inappropriate harassing comments" and that he would "take action," but Sergeant's "harassing comments and discriminatory behaviors" only increased. (*Id.*)

On June 25, 2019, Plaintiff filed a formal complaint against Sergeant "for his daily harassment and discriminatory and retaliatory behaviors." (*Id.* at 5.) An administrative investigation found that Sergeant made inappropriate comments, and he was issued "a documented write-up[,] but no further remedy was offered to stop the discrimination, harassment or retaliation against [Plaintiff]." (*Id.*) Approximately sixty days after filing his formal discrimination complaint, Plaintiff "began being written up on a consistent and regular basis." (*Id.*) In February 2020, he was placed on administrative leave for accepting a gift from a citizen he helped, even though he was assured

2

it was not a department violation. (*Id.*) He alleges that Lieutenant placed him on administrative leave "in retaliation for making his complaints." (*Id.*) Plaintiff filed an EEOC complaint against Defendants on February 7, 2020, and he received a right to sue letter on February 2, 2022. (*Id.* at 2, 6.) He filed this lawsuit on May 5, 2022. (*Id.* at 1.)

On August 5, 2022, City moved to dismiss under Rule 12(b)(6). (doc. 13.) Plaintiff responded on September 8, 2022, and City replied on September 22, 2022. (docs. 20; 21.)

## II. RULE 12(b)(6)

City moves to dismiss Plaintiff's complaint against it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 13 at 9.)

**A.    Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293-94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for

4

summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

**B.    Title VII**

*1.    Discrimination*

City argues that Plaintiff has not adequately pled a Title VII discrimination claim because he "has not alleged that any action was taken against him because of any protected status." (doc. 13 at 15.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff can prove intentional discrimination through either direct or circumstantial evidence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). Where the plaintiff offers circumstantial evidence of discrimination, his discrimination claim is subject to "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires [him] to establish a prima facie case of discrimination." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Wallace*, 271 F.3d at 219). Generally, a plaintiff must establish a prima facie case of discrimination by showing that he (1) belongs to a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam).

To satisfy the final element, "the employee must establish that [he] was treated less favorably than a similarly situated employee outside of [his] protected class in nearly identical circumstances."

*Saketkoo*, 31 F.4th at 998 (citing *Lee v. Kansas City S Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). A plaintiff does so by demonstrating that "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260; *see also Dotson v. Gulf*, Civ. A. No. H-05-0106, 2006 WL 44071, at *7 (S.D.Tex. Jan. 9, 2006) (explaining that "employees with different responsibilities, different supervisors, different capabilities, different work rule violations, or different disciplinary records are not considered to be 'nearly identical'") (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514-15 (5th Cir. 2001)).

While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from his obligation to allege sufficient facts to state all the elements of his claim, *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam). "When a plaintiff sets out facts that do not seem to have anything to do with discrimination based on a protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6)." *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *4 (N.D. Tex. June 21, 2011), *adopted by* 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd by* 485 F. App'x 676 (5th Cir. 2012) (citation and quotation omitted).

Here, Plaintiff generally alleges that City discriminated against him based on ethnicity, race, color, national origin, sexual orientation, and sex, and that he "was treated differently than others

6

outside his protected classes." (doc. 3 at 7.) He alleges that his supervisor micromanaged him, was hyper-critical of his work, marked his reports with red ink, corrected him in a "shaming manner" before his peers, denied him overtime hours, and restricted him from "necessary and normal" equipment for his work. (*Id.* at 4.) He contends that he suffered adverse employment actions as a result of City's "discriminatory actions including being demoted, placed on less desirable tasks and written up falsely." (*Id.* at 7.)

While Plaintiff identifies characteristics that are covered by Title VII, he does not set forth specific facts that would support the reasonable inference that City took any adverse action because of any protected status. *See, e.g., Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (concluding that plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest [employer's] actions were based on [plaintiff's] race or national origin"); *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of plaintiff's race discrimination claim where his "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that [defendant] is liable for terminating [plaintiff's] employment because of his race"). Further, even though Plaintiff alleges that other officers who were not in his protected classes were not subject to the same "micromanaging" and "shaming" actions and received preferential treatment with regards to overtime and equipment approval, he does not allege that they held the same job and responsibilities, or that they had the same disciplinary history as him. *See Lee*, 574 F.3d at 260; *Okoye*, 245 F.3d at 512; *see, e.g., Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 984197, at *3 (N.D.Tex. Apr. 13, 2006) (granting motion to dismiss and finding the plaintiff's "allegation that exceptions were granted to white police officers is simply too vague and conclusory to withstand defendant's motion"); *Garcia v. Garland Indep.*

7

*Sch. Dist.*, No. 3:11-CV-0502-N-BK, 2011 WL 7473474, at *5 (N.D. Tex. Sept. 26, 2011), *adopted by* 2012 WL 779659 (N.D. Tex. Mar. 9, 2012) (dismissing claim where the plaintiff failed to allege that she was treated less favorably than other employees under the same situations she allegedly confronted). His conclusory and general claims of discrimination because of his ethnicity, race, color, national origin, sexual orientation, and sex are not sufficient to state a plausible claim for discrimination under Title VII. *See Landavazo*, 301 F. App'x at 336.

Because Plaintiff has failed to state a claim of discrimination under Title VII, the claim should be dismissed.[3]

### 2. *Harassment*

City argues that Plaintiff's Title VII claim for harassment is facially deficient because the alleged harassment does not implicate his ethnicity, race, color, national origin, sexual orientation, or sex and is not severely hostile and abusive so as to alter the terms of his employment. (doc. 13 at 19-21.)

Harassment is actionable under Title VII only when "it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (quotations omitted). Generally, a plaintiff must establish a prima facie case of harassment or hostile work environment by showing that (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his protected classification; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Bye v. MGM Resorts Int'l, Inc.*,

---

[3]Because Plaintiff's Title VII discrimination claim is otherwise subject to dismissal for failure to state a claim, it is unnecessary to reach City's remaining arguments for dismissal.

49 F.4th 918, 923 (5th Cir. 2022) (citing *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)).. A plaintiff is not required to prove the fifth element if the alleged harasser is a supervisor. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (citation omitted).

For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "A plaintiff 'must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable.'" *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (quoting *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003)). In determining whether a workplace constitutes a hostile work environment, a court "examines the totality of circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (citation and quotations omitted); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325-26 (5th Cir. 2004) (recognizing that "no single factor is required"). "[A]llegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation." *Bye*, 49 F.4th at 923 (quoting *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019)). Although verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support a violation of Title VII, simple teasing, offhand comments, and isolated incidents, unless extremely serious, are not sufficient. *See Faragher v. City of Boca Raton*, 524 U.S.

9

775, 788 (1998).

Here, Plaintiff alleges in conclusory fashion that Sergeant "made harassing comments that were both severe and pervasive as they occurred on a daily basis and were such an egregious character and nature as to qualify as legitimate legal harassment creating a hostile working environment based on race, sex, color and national origin." (doc. 3 at 7.) The allegedly "degrading and discriminatory comments" include "comments regarding Plaintiff's sex orientation, his sex organs, his wife's infidelity and characterizing her as a 'slut' (which were both untrue), [and] his motorcycle being a 'p\*\*\*y bike.'" (*Id.* at 3.) He also alleges that Sergeant micro-managed his workload, was "hyper-critical" of his work, and corrected him "openly in front of peers and in a shaming manner." (*Id.*) There are no factual allegations in the complaint to suggest that the alleged harassment suffered by Plaintiff was based on race, sex, color, or national origin, however. *Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 274133, at *4 (N.D. Tex. Jan. 20, 2017) (explaining that a claim for harassment under Title VII must allege facts that show a "connection between the allegedly harassing incidents and [plaintiff's] protected status"). Even if the alleged actions were taken because of a protected characteristic, they are not sufficient to create an inference that the harassment was sufficiently severe or pervasive to create a hostile work environment. *See Hockman*, 407 F.3d at 328 (finding remarks about a coworker's body and requests to be alone with plaintiff are "offhand comments that are boorish and offensive, but not severe"); *Long v. Eastfield College*, 88 F.3d 300, 309 (5th Cir. 1996) (finding single joke involving condoms insufficient to create hostile environment); *see also DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 595-96 (5th Cir. 1995) (noting that "mere utterance of an ... epithet which engenders offensive feelings in an employee" is not enough to constitute hostile

10

environment harassment).

Because Plaintiff has failed to state a claim of harassment under Title VII, the claim should be dismissed.[4]

### 3.     *Retaliation*

City argues that Plaintiff has not pled a plausible Title VII claim for retaliation because he "has not alleged that he engaged in protected activity prior to the alleged retaliation." (doc. 13 at 23.)

Title VII makes it unlawful for employers to retaliate against an individual because he has opposed any practice made an unlawful employment practice by the relevant statutes, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the relevant statute. 42 U.S.C. § 2000e–3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting § 2000e–3(a)). Title VII retaliation claims that are based on circumstantial evidence are analyzed under the familiar burden-shifting framework outlined in *McDonnell Douglas*. *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020); *Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). A plaintiff must first establish a prima facie case of retaliation by showing that: (1) he engaged in activity protected by Title VII; (2) a materially adverse employment action against him occurred; and (3) there was a causal link between his protected activity and the adverse action. *Wheat*, 811 F.3d at 705; *see also Brown*, 969 F.3d at 577.[5]

---

[4]Because Plaintiff's Title VII harassment claim is otherwise subject to dismissal for failure to state a claim, it is unnecessary to reach City's remaining arguments for dismissal.

[5]Although a plaintiff is not required to plead the prima facie case of retaliation, he must plead sufficient facts on all of "the ultimate elements" of a retaliation claim to make his case plausible. *See Jenkins v. State Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (citing *Chhim v. Univ. of Texas*, 836 F.3d 467, 470 (5th Cir. 2016) (explaining that the prima facie elements for retaliation are helpful in analyzing the sufficiency of the complaint)).

"Protected activity is opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2000) (citation omitted); *see also* 42 U.S.C. § 2000e–3(a). "In a claim of protected opposition, an employee must at least have referred to conduct that could plausibly be considered discriminatory in intent or effect, thereby alerting the employer of its discriminatory practices." *Saketkoo*, 31 F.4th at 1000 (quoting *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 326 (5th Cir. 2017) (per curiam). If the conduct complained of by a plaintiff had nothing to do with race, color, religion, sex or national origin, he cannot maintain a retaliation claim under Title VII. *See Arora*, 294 F. App'x at 162 (finding no protected activity where the complained of activity did not involve an employee being treated unfairly due to race or sex); *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 346-47 (5th Cir. 2008) (per curiam) (finding no protected activity where plaintiff failed to show opposition to a violation of Title VII). The Fifth Circuit "has consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (citation omitted).

Plaintiff's complaint alleges that City retaliated against him "for making his reports of discrimination and harassment and initiating investigations", (doc. 3 at 8), but there are no facts to plausibly establish that any of his complaints referenced an unlawful employment practice under Title VII. *See Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x 242, 246 (5th Cir. 2017) (affirming dismissal of retaliation claim where "the complaint ma[de] no allegation that [plaintiff's] grievance was opposing or protesting racial or sexual discrimination"). Although he generally alleges that he made several complaints about Sergeant's "harassment and discrimination," there are

no allegations to suggest that the conduct at issue related to his race, sex, or other characteristics protected by Title VII. *See, e.g., Harris–Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (finding no protected activity where plaintiff's complaints to her employer did not allege that she was treated unfairly due to her race or gender). "A general allegation of hostility is not enough." *Saketkoo*, 31 F.4th at 1000. Plaintiff's conclusory allegations are not sufficient to create a plausible inference that he was subjected to an adverse employment action because he participated in a protected activity. *See Saketkoo*, 31 F.4th at 1000; *Paske*, 785 F.3d at 986.

Because Plaintiff has failed to state a claim of retaliation under Title VII, the claim should be dismissed.[6]

## C.     **Sections 1981 and 1983**

City argues that Plaintiff's complaint fails to adequately plead a claim of municipal liability under §§ 1981 and 1983. (doc. 13 at 28.)

"As a general matter, section 1981 serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). Section 1981 also encompasses claims of retaliation. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008).

Section 1983[7] provides the sole remedy for claims of racial discrimination and retaliation against a government entity under § 1981. *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462 (5th

---

[6] Because Plaintiff's Title VII retaliation claim is otherwise subject to dismissal for failure to state a claim, it is unnecessary to reach City's remaining arguments for dismissal.

[7] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, the plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

13

Cir. 2001) (citing *Jett v. Dallas Independent School District*, 491 U.S. 701, 731 (1989)). An employee seeking to recover against a municipal employer under § 1981 "cannot proceed under a theory of *respondeat superior* and must instead satisfy the 'custom or policy' test fashioned for suits against a municipality under § 1983." *See Evans v. City of Houston*, 246 F.3d 344, 358 (5th Cir. 2001) (citations omitted). "Municipal liability under both Section 1981 and Section 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: 'a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.'" *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

> "Official policy" is defined as:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

Here, Plaintiff fails to specifically allege the elements of a municipal liability claim under

14

§ 1983. (*See* doc. 3.) He does not allege a custom or a specific policy officially adopted and promulgated by City's lawmaking officers or by an official who had been delegated law-making authority. *See Cox*, 430 F.3d at 748. He also fails to allege facts to show that any custom or policy was the moving force behind a violation of his federally protected rights. *See id.* Because his complaint lacks the required specificity, it fails to state a claim for municipal liability under § 1983 for violations of § 1981. *See Evans*, 246 F.3d at 358; *see, e.g., Knox v. City of Monroe*, 551 F. Supp.2d 504, 513 (W.D. La. 2008) (dismissing § 1981 claim where plaintiff "failed to allege a City policy or custom which resulted in the alleged race discrimination against her"); *Hayden v. City of Fort Worth*, No. 4:17-CV-452-A, 2017 WL 4011296, at *3 (N.D. Tex. Sept. 11, 2017) (dismissing § 1981 action against city because plaintiff failed to alleged any of the elements necessary for municipal liability under § 1983).

Plaintiff's claims for discrimination, harassment, and retaliation under §§ 1981 and 1983 should be dismissed.[8]

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at

---

[8]Because Plaintiff's claims for discrimination, harassment, and retaliation under §§1981 and 1983 are otherwise subject to dismissal for failure to state a claim, it is unnecessary to reach City's remaining arguments for dismissal.

15

*2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff has not amended his complaint, and it does not appear that he has pled his best case against City. He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief against City.[9]

## V. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, the motion to dismiss under Rule 12(b)(6) should be **GRANTED**, and all claims against City should be **DISMISSED with prejudice** for failure to state a claim. If Plaintiff timely files an amended complaint, however, the motion to dismiss under Rule 12(b)(6) should be **DENIED as moot**, and the action should be allowed to

---

[9]Plaintiff's response "requests the Court to permit him to replead his allegations." (*See* doc. 20 at 1.) A party is not entitled to remedy a pleading deficiency simply by seeking leave to amend in response to a motion to dismiss, however. *Spiller*, 130 F.3d at 167. When a party opposes a motion to dismiss on its merits while also asking for leave to amend should dismissal be deemed proper, the party "may not avoid the implications" of his choices. *Id.* In addition, Plaintiff has not sought leave to amend in accordance with LR 15.1. *Shabazz v. Franklin*, 380 F. Supp.2d 793, 798 (N.D. Tex. 2005) (accepting recommendation). Even as a *pro se* litigant, he has a duty to comply with the applicable federal and local rules of civil procedure. Even if Plaintiff's request is liberally construed as a motion, however, it is moot because it has recommended that he be provided an opportunity to amend his complaint.

proceed against it on the amended complaint.

      **SO RECOMMENDED** on this 17th day of January, 2023.

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE